JAMES NOLAN *vs.* WALLACE W. CLARK.

Androscoggin.    Opinion December 9, 1897.

*Gaming.    Margins.    Agent.    R. S., c. 125, § 8.*

Gambling and betting in margins on the future price of corn are prohibited by the statutes of this state; and the money so lost may be recovered by the loser in an action commenced within three months thereafter.

The plaintiff obtained a verdict in an action to recover money so lost and the defendant moved for a new trial.    The court overruled the motion and considers that it is satisfied with the conclusion reached by the jury, notwithstanding the forms of sale and purchase were observed by the parties.

The defendant denied his liability to the plaintiff upon the ground that he was not the principal, and asserted that he was but the agent of the Metropolitan Stock Exchange, and that all he did was in that capacity.    The plaintiff claimed that he dealt with the defendant as principal, and had no knowledge of any agency, if any existed, and denied that there was any such agency in fact.    The court instructed the jury, who found for the plaintiff upon this issue, that where a party deals with another, and that other lets it be known that he is a mere agent of a party, and is in fact an agent of a disclosed principal, then the party seeking redress for any acts or contracts of that agent, that are within the scope of his authority, it must be against his principal not against the agent.    That even if a party is agent of a principal and that person's name is not disclosed, but the agent deals as though he was the principal without disclosing an agency to the party dealing with him, then the party desiring redress has an election to sue either the agent or principal

when he finds out who he is. If it is not till after the transaction he can sue either. *Held;* that the finding of the jury must have been either that no agency existed, or if it did exist, that the plaintiff was not informed of it, but dealt with the plaintiff as principal; *also;* that upon either ground the defendant is personally responsible to the plaintiff.

The court admitted in evidence the daily statements of transactions between the defendant and the Metropolitan Stock Exchange and furnished to the former by the latter which had reference to the plaintiff's dealings with the defendant; but it excluded like statements referring only to transactions with other parties. *Held;* that the excluded statements had no tendency to prove an agency.

*Held;* that the defendant is not entitled to an instruction to the jury that they may find an agency of the defendant from one piece of evidence alone, thereby excluding the effect of other and contradictory evidence upon the question of agency. It is the province of the jury to determine facts from all the ·evidence, and not from one detached portion.

ON MOTION AND EXCEPTIONS BY DEFENDANT.

This was an action on the case brought under R. S., c. 125, § 8, to recover the sum of six hundred and fifty dollars which the plaintiff claimed he had lost to the defendant in certain gambling transactions, and consisting of betting in margins on the future price of corn. The declaration contained a count for each loss thus sustained by the plaintiff.

The first count in the declaration is as follows:—

In a plea of the case, for that whereas on the first day of August, in the year of our Lord, one thousand eight hundred and ninety-five, at Lewiston, in said County of Androscoggin, the plaintiff, by wagering, gambling and betting with the defendant, lost to the said defendant the sum of thirty dollars, and then and there paid and delivered the same to the defendant.

And the plaintiff avers that three months have not elapsed since said first day of August.

Whereupon, the plaintiff says that an action hath accrued to him by virtue of the statute in such case made and provided, to sue for and recover the same of the said defendant in an action on the case; yet the defendant, though requested, hath not paid the said sum, but wholly refuses so to do.

Also, for that the said plaintiff, on said day and at said Lewiston, gambled with the defendant by betting with the defendant

the sum of thirty dollars that the market price of three thousand bushels of September corn, so-called, being then forty-three cents per bushel, would thereafter advance, on or before September 5, 1895, while the defendant bet that the market price of said corn would decrease to forty-two cents a bushel on or before said 5th day of September.

And the plaintiff further avers that said betting was in the form of ostensible buying, by the plaintiff, of the defendant, of three thousand bushels of September corn at forty-three cents a bushel, to be delivered on or before said 5th day of September, but that in reality the defendant did not intend to sell and deliver, nor did the plaintiff to buy and receive, said corn, but that said thirty dollars was so deposited with the defendant as security to cover the margin of one cent a bushel on said three thousand bushels of corn, and that said transaction was in truth and in fact a gambling on the future price of corn between the plaintiff and defendant.

And the plaintiff further avers that thereafter, upon the same day, the market price of corn decreased from forty-three cents a bushel to forty-two cents a bushel, and thereby the plaintiff lost his said thirty dollars to the defendant, and then and there paid and delivered the same to him.

And the plaintiff avers that three months have not elapsed since said first day of August.

Whereupon, the plaintiff says that an action hath accrued to him by virtue of the statute in such case made and provided, to sue for and recover the same of the said defendant in an action on the case; yet the defendant, though requested, hath not paid the said sum, but wholly refuses so to do.

Plea, general issue.

Verdict for plaintiff in the sum of six hundred and eighty-six dollars and eighteen cents, which is the entire amount sued for, with interest from the date of the writ.

The plaintiff claimed and introduced testimony tending to show that in August, 1895, he had four transactions with the defendant by which the plaintiff purported to buy of the defendant eight thousand bushels of corn, to be delivered at a future date, and paid

to the defendant a margin of one cent a bushel each time corn fell one cent a bushel; that in fact the transactions were a gambling in margins on the future price of corn, that there were in fact no purchases of corn, that the plaintiff did not intend to buy or receive the corn and the defendant did not intend to sell or deliver the corn, that the defendant was not the owner of any corn, and did not have in his possession or have the ability to deliver said corn to the plaintiff, but that both parties intended and understood the transactions to be a mere betting on margins; that if the market price of corn went up, the defendant should pay the advance to the plaintiff, and if the market price of corn went down, the plaintiff should lose to the defendant the sums advanced by him on such colorable purchase of corn, which are the sums sued for; that the parties contemplated no other transactions whatever, and that in such gambling transactions the plaintiff lost to the defendant the sum of six hundred and fifty dollars.

The testimony introduced by the defendant tended to show that he was acting at the time alleged as the agent of the Metropolitan Stock Exchange of Boston with which his office in Lewiston was connected by a private wire; that the said agency was communicated to and known to the plaintiff, but this was denied by plaintiff; that as such agent he executed orders for stocks and grain for customers who had the privilege and option of buying or selling said stocks or grain at the the prices quoted in said Metropolitan Stock Exchange; that the defendant as such agent was prepared at all times to deliver to said customers, in the manner stated in the testimony, the stock certificates or the grain either in bulk or by ware house receipts, so-called; that his commission for executing said orders was one eighth of one per cent; that on the day following the close of each day's business he remitted to the Metropolitan Stock Exchange the sum received by him from customers on account of their transactions, reserving and saving out therefrom for himself merely his commission of one eighth as is indicated by defendant's exhibits; that in all of the transactions alleged in the plaintiff's declaration the defendant as such agent was at all times able and prepared to deliver to the plaintiff either the corn itself in

bulk or the ware house receipts for the same in the manner stated in the testimony, and that he so notified the plaintiff; that the defendant understood the transactions with the plaintiff to be real business transactions, and that in the four transactions described in the plaintiff's testimony the defendant delivered to the plaintiff four contracts specifying the nature of the transactions, as appears in the evidence.

The defendant offered to introduce in evidence the daily statements of the transactions between his office and Boston office of the Metropolitan Stock Exchange mailed to him by the Metropolitan Stock Exchange, for the entire period covered by the plaintiff's alleged transactions, of like character to those admitted but in reference to transactions with other parties, for the purpose of showing his invariable custom and method of transacting business, and also for the purpose of showing his said agency. The court admitted only such of said statements as contained particular reference to the plaintiff's alleged transactions and excluded the remainder.

The defendant's counsel requested the presiding justice to give to the jury the following instruction, which was refused:

"If the jury are satisfied from the testimony that Clark remitted to the Metropolitan Stock Exchange the money received from Nolan, saving out only his commission of one eighth, they will be justified in finding that Clark was not the principal but the agent of the Metropolitan Stock Exchange."

To which rulings, and refusal to instruct the jury, the defendant excepted.

*H. W. Oakes*, for plaintiff.

If neither party expects any delivery of stocks at any time, and both parties understand that only money is to be paid from one to the other according to changes in the market price, the arrangement is a mere wager upon changes in prices and is illegal. *Rumsey* v. *Berry*, 65 Maine, 570; *O'Brien* v. *Luques*, 81 Maine, 46; *Dillaway* v. *Alden*, 88 Maine, 230, and cases cited. See also notes to 1 L. R. A. 141; 1 L. R. A. 665; 3 L. R. A. 679.

It does not necessarily depend upon the form of the contract as to the determination of whether it was bona fide or otherwise,

because, as our courts have said, that efforts are often made to give such a bet the appearance if not the nature of a business transaction, when in truth and in fact they are but the cover to wagering transactions, transactions which are illegal in law. *Sprague* v. *Warren*, 26 Neb. 326; 3 L. R. A. 679.

The fact that a sale of grain for a future delivery was closed before the day of delivery is evidence of the character of the transaction as a mere speculation in prices. *Scott* v. *Brown*, 54 Mo. App. 606 .

Exceptions:—The statements of account are res inter alios, merely heresay, so far as the plaintiff is concerned. Whar. Ev. (2d Ed.) § 173; *Gains* v. *Hasty*, 63 Maine, 361; *Robinson* v. *Litchfield*, 112 Mass. 28; *Brooks* v. *Acton*, 117 Mass. 204; *Carter* v. *Fitz*, 124 Mass. 269; *Wesson* v. *Washburn Iron Co.*, 13 Allen, 95. Defendant's custom, if any, not brought home to plaintiff's knowledge. *Pierce* v. *Whitney*, 29 Maine, 188.

Requested instructions must be complete, and the omission of a single necessary qualifying word is fatal. *Marshall* v. *Oakes*, 51 Maine, 308; *Colby* v. *Wiscasset*, 61 Maine, 304; *Springer* v. *Hubbard*, 82 Maine, 299; *Duley* v. *Kelley*, 74 Maine, 556; *Snow* v. *Penobscot*, 77 Maine, 55; *Grank Trunk* v. *Latham*, 63 Maine, 177; *Tower* v. *Haslam*, 84 Maine, 86.

*R. W. Crockett*, for defendant.

A contract of sale is not a wagering contract, as between seller and purchaser, unless both of them understand that no delivery is to be made.

If there is evidence to show that the buyer employs the seller as a broker to make purchases of shares for him, with the agreement or understanding on the part of both that no shares should actually be delivered, but that the seller, as broker, shall either make bargains to that effect with the other party or parties to the transactions, or, that at any rate, that he should protect the buyer from being called on to make or accept any actual deliveries of shares, then the seller would probably be found to be a participator in an illegal contract, and would be debarred from recovering for his commissions or for moneys advanced by him for the further-

ance of such illegal contract. But a mere expectation on the part of the seller and of the buyer that the latter will be willing to adjust the transactions on the basis of receiving or paying differences when there is no agreement or understanding to that effect, or to the effect that the former will protect the latter from being called on to make or accept any actual deliveries of shares, is not sufficient to render the contract illegal; and the seller's participation as a broker in making sales for the buyer under that expectation would not debar him from recovering for his commissions or for moneys advanced to him for the buyer in aid of the transaction. *Harvey* v. *Merrill,* 150 Mass. 1, and cases cited; *Barnes* v. *Smith,* 159 Mass. 346–7.

The decisions agree upon the principle that the contract is not illegal unless the nullifying understanding is mutual and made apparent. An understanding on the part of one party, merely, that the stock is not actually bought or sold does not of itself make the contract illegal. The minds of both parties must meet in the illegal understanding, and unless this meeting can be affirmatively shown the contract must be held to be legal, valid and binding.

If the seller has within his control the shares of stock or the ware house receipts, and has the ability to deliver them to the purchaser when called for, the contract is not illegal. *Alden* v. *Dillaway,* 88 Maine, 230 ; *Rumsey* v. *Berry,* 65 Maine, 570 ; *Pratt* v. *Telephone Co.,* 141 Mass. p. 228 ; *Mann* v. *Bishop,* 136 Mass. 495.

Defendant was not the principal, but an agent. *O'Brien* v. *Luques,* 81 Maine, 46.

SITTING: PETERS, C. J., HASKELL, WISWELL, STROUT, JJ. SAVAGE, J., having been of counsel did not sit.

STROUT, J. In August, 1895, plaintiff had four transactions with defendant, by which plaintiff purported to buy of defendant eight thousand bushels of corn, to be delivered at a future date, and paid to defendant a margin of one cent a bushel each time corn fell in price one cent a bushel. He claims that the transaction was in

fact a gambling in margins on the future price of corn, and that an actual purchase and sale were not intended or in contemplation by the parties. He seeks to recover back the money paid, under provision of R. S., c. 125, § 8. Defendant claimed that the transaction was one of legitimate business, and so understood by the parties. Upon this contention much evidence was introduced, and it was submitted to the jury, under appropriate instructions, to which no exception is taken, to find whether the transaction was in fact a legitimate business one, contemplating an actual purchase and sale, by both or either of the parties, or whether it was a gambling on the future price. The jury found it to be a gambling and not a business transaction.

Upon a careful examination of all the evidence, notwithstanding the forms of sale and purchase were observed, we are satisfied with the conclusion reached by the jury. It would be unprofitable to review the evidence in this opinion.

The defendant resisted plaintiff's claim upon another ground. He asserted that he was not the principal, but the agent of the Metropolitan Stock Exchange, and that all that he did was in that capacity ; and that out of the moneys received by him, he retained as his commission one eighth, and remitted the balance daily to his principal in Boston; and that if plaintiff had any claim under the statute, it was against the Metropolitan Stock Exchange, and not against the defendant. Plaintiff claimed that he dealt with defendant as principal, and had no knowledge of any agency, if any existed, and denied that there was any such agency in fact.

Upon this issue, much evidence, both oral and documentary, was introduced. The court instructed the jury that " where a party deals with another, and that other lets it be known that he is a mere agent of a party, and is in fact an agent of a disclosed principal, then the party seeking redress for any acts or contracts of that agent that are within the scope of his authority must be against his principal, not against the agent." " That even if a party is agent of a principal and that person's name is not disclosed, but the agent deals as though he was the principal, without disclosing an agency to the party dealing with him, then the party

desiring redress has an election to sue either the agent or principal when he finds out who he is. If it is not till after the transaction he can sue either." The court carefully called the attention of the jury to the evidence bearing upon the question, whether defendant was or not in fact an agent of the Metropolitan Stock Exchange, and acting in that capacity in his dealings with plaintiff; and whether such agency, if it existed, was known to plaintiff, or whether plaintiff understood he was dealing with the defendant as principal. The evidence upon this issue was conflicting, but the jury found for the plaintiff; and under the instructions, that finding must have been either that no agency existed, or if it did, that plaintiff was not informed of it, but dealt with defendant as principal. Upon either ground defendant would be personally responsible to plaintiff. We see no sufficient cause to disturb the verdict. The motion for a new trial must be overruled.

In regard to the exceptions, the daily statements of transactions between defendant and the Metropolitan Stock Exchange, which had reference to plaintiff's dealings, were admitted; but like statements, referring only to transactions with other parties, were excluded. The excluded statements had no tendency to prove an agency. They purported to be transactions between the defendant and the Metropolitan Exchange as two principals. They were directed to defendant, and stated "our transactions with you to-day are as follows:" then came a detailed statement. No word of agency appears, or is suggested by the papers. The defendant was not prejudiced by their exclusion. They tended to corroborate plaintiff's claim, rather than that of defendant.

The requested instruction was rightly refused. It asked an instruction that the jury might find an agency of defendant from one piece of evidence alone, excluding the effect of other and contradictory evidence upon that question, and was therefore misleading. It is the province of the jury to determine the fact from all the evidence, not from one detached portion. The instructions given to the jury were full, and amply protected the rights of the defendant.

*Motion and exceptions overruled.*